**LUALEMANA of Asu, Leasina County,**
**Applicant**

v.

**CHIEFS OF AITULAGI of Aitulagi,**
**CHIEFS OF FALENIU of Faleniu,**
**MAEA K. of Faleniu, Objectors**

## No. 57-1963

## High Court of American Samoa

Civil Jurisdiction, Trial Division

[Land: "Tafeta" near Faleniu]

## September 18, 1963

Logo, Counsel for Lualemana.
Usu, Counsel for the Chiefs of Aitulagi.
Lolo, Counsel for the Chiefs of Faleniu.
Leuluai, Counsel for Maea K.

OPINION OF THE COURT

ROEL, *Associate Justice.*

Came on to be heard the above entitled and numbered cause wherein Applicant, Lualemana, filed an application with the Office of Registrar of Titles of American Samoa to register a certain surveyed parcel of land called "Tafeta" containing 90.45 acres, more or less, as the communal family land of the Lualemana Family. Upon notice of the proposed registration of the land, objections were filed for the Chiefs of Aitulagi, the Chiefs of Faleniu and Maea K., chronologically in that order. An objection had also been filed on behalf of the Chiefs of Aoloau, but such objection was withdrawn and dismissed on motion of Moananu, the spokesman for the Chiefs of Aoloau, in open Court at the beginning of this trial.

Applicant Lualemana sought to register the land on the basis that said land was the property of the Lualemana Family. Each of the objectors based their objection to the registration of the land by Lualemana on the grounds that each objector, respectively, was the owner of the land in question. According to the survey filed with the application to register, the land in question was a plat of land containing 90.45 acres, more or less, situated in Leasina County, Tutuila, American Samoa.

Logo, Counsel for Lualemana, based his case on the testimony of two witnesses, Lualemana and his father Aitufaifili.

The Applicant, the present Lualemana, is a young man 32 years of age residing in Asu. He testified that although the land surveyed was called Tafeta, the 90.45 acres repre-

sented only part of the whole land Tafeta which consisted of over 200 acres. Lualemana testified that he based his claim of ownership of the land within the survey on the stories of the Lualemana Family that Tafeta is Lualemana land and on the tradition that the first Lualemana resided there. All these stories came to him through his ancestors. He recited for the Court a genealogical table starting from the supposedly first Lualemana to the present Lualemana ten generations later. Lualemana testified that the land Tafeta in the present case was the same Tafeta involved in the litigation between the Chiefs of Faleniu and himself in the case decided January 16, 1962, No. 60-1961 (H.C. of Am. S.). He further testified that the land claimed by the Chiefs of Faleniu in the above-referred-to case was included in the survey in the present case.

Lualemana stated that all of the land Tafeta was cleared from the virgin bush by Lualemana people. He testified that as early as 1918 people from the Village of Faleniu were having plantations in Tafeta, but that they were Lualemana people. He further stated that from 1918 on the Lualemana people who lived in Faleniu had the plantations with the permission of the Lualemana, but that these same people were limited to planting taro and bananas for fear that if they planted coconuts they might claim the land as their own. When questioned as to how many Lualemana people presently lived on or had plantations in the land in question, he answered that none did. Yet, Lualemana admitted that several Faleniu people presently had plantations in Tafeta. Lualemana claimed that the oldest coconut trees in Tafeta were from 9 to 15 years old. He testified that he himself lived on the land Tafeta a little over one year before he was evicted by order of the Court in Case No. 60-1961 (H.C. of Am. S.). He said during the year he had lived in Tafeta he had planted a great many trees before he was evicted. Asked if there were any other Lualemana peo-

ple in Tafeta while he was there, he said there were none. In answering Lolo on cross-examination, Lualemana stated that his father, the previous Lualemana, never lived on the land in question, and he stated that he did not know whether any Lualemana had ever lived on the land in question. The only Lualemana people which Lualemana named as having had plantations in Tafeta were people from Faleniu. Lualemana testified that the Lualemana people were originally from the seaside of the mountain.

When he was asked whether he had filed a war damage claim on the land Tafeta, Lualemana at first stated he had filed a claim and then testified he had filed a claim under his then title Tuiapolima. He testified he had not granted permission for the establishment of a prison farm in Tafeta and that nobody had consulted with him about it.

Lualemana's other witness was his father, Aitufaifili, a man 83 years of age. When queried about dates, he had no concept of time, but did a little better when questioned about events. He declared the land in question was Lualemana land before the Government was established, but that there was no Lualemana in 1900 or for a number of years thereafter. He did not know whether there was a Lualemana in 1918, the year in which applicant Lualemana testified Faleniu people were having plantations in Tafeta with permission of Lualemana. Aitufaifili further testified that there was no Lualemana in 1910 and that maybe he was the Lualemana in 1918. Following that, he said he held the Lualemana title from 1930 to 1962. He testified he had lived in Olotele for more than 10 years and had lived in Asu before that. Aitufaifili said the Lualemana people had no plantations on the land in question during the time he was holding the title. He stated that the land had been cleared by students from Mesepa and Mapusaga, and that he gave Savea, a chief of Faleniu, permission to clear the land, and that Savea was a member of the Lualemana Family. He

testified there was no Lualemana guest house at Tafeta during the war; that he was living in Asu. He acknowledged that a previous Court decision regarding the land Tafeta was awarded in favor of the Faleniu Chiefs. He also testified he had given the land to Savea. When counsel Logo told Aitufaifili that a Lualemana had signed the Deed of Cession in 1900 and asked him who was the Lualemana then, Aitufaifili stated there was no Lualemana in 1900, that there was a war in Apia at the time. He testified he had later received a watch from the Fita Fita. On cross-examination, Counsel Usu extracted from Aitufaifili the testimony that he had asked permission from the Aitulagi Family to live in Olotele. Aitufaifili denied that all the land from Olotele to Tafeta was Aitulagi land. When asked if he knew Maea, Aitufaifili said he knew him but that it must be an Upolu name or something. He did not know whether Maea had plantations on the land Tafeta.

Tuilefano was the sole witness for the Chiefs of Aitulagi, one of the objectors herein. Tuilefano said he was claiming the land Tafeta in the name of the Aitulagi Family, for the Aitulagi Village and for the County of Aitulagi. Tuilefano traced his claim all the way back to Tuifeasi, who he claimed was the king of Ituau and Alataua Counties, and that Tuifeai's rank was so high that he was served one human being to eat every day. He testified that the Aitulagi people claimed Tafeta as the descendants of Tuifeai.

■ Tuilefano's counsel, Usu, sought to introduce into evidence two plats purported to be surveys of the land in question. The plats did not mention the word Tafeta and were labeled "MALAELOA" and dated September 27, 1906. One of the plats was on a piece of cloth about five feet by three feet and the other was a smaller alleged photostatic copy of the same plat obtained from Western Samoa. Both plats showed the survey as containing 983 acres. Neither of the plats was authenticated or certified or shown

389

as being registered in any government office. Although Tuilefano testified that said plat was recorded in the Registrar's Office in American Samoa, said registration could not be located or ascertained. Nowhere in either plat was the word Tafeta to be found. Counsel for Lualemana objected to the admission of said plats into evidence on the grounds that it could not be determined whether the land Tafeta as shown in the survey filed with the present case was included in either of the two plats. Lolo objected for the Chiefs of Faleniu on the grounds that there was no certification by a surveyor on either of the two plats. Leuluai, Counsel for Maea, objected to the introduction of the plats as evidence on the ground that the word Tafeta did not appear on either of the two plats. The Court sustained the objections and denied the admission of either of the two plats into evidence.

Tuilefano testified that Aitulagi people had *not* cleared the land Tafeta from the bush. He further stated that there were no Aitulagi people living in the land Tafeta within the survey filed in this case. When asked who had cleared the land from the virgin bush, Tuilefano answered that it had been cleared by a talaloa from Faleniu Village, after which the Faleniu people had put in plantations. In answer to another question, Tuilefano said that nobody from Aitulagi worked the land Tafeta. Later, in answer to questions from his counsel, Usu, he testified that the plantations on Tafeta dated from 1946 and that the Aitulagi people did have plantations therein. Tuilefano stated that everybody using Tafeta asked permission from Aitulagi. Later, answering a question from Lolo, Tuilefano stated that he had no plantations in Tafeta and that none of the Aitulagi people were living within the surveyed area of Tafeta. Tuilefano testified he never tried to stop the Faleniu people when they were putting in plantations on Tafeta. He said the Government had not secured permission from the Aitulagi people

to set up the prison farm in Tafeta. He stated that the Aitulagi people had not filed war damage claims on the land Tafeta because they had no plantations thereon.

In presenting the case for the Chiefs of Faleniu, counsel Lolo put on Magalei as his only witness. Magalei testified he was objecting to the registration of the land on behalf of the Chiefs of the Village of Faleniu; that the land Tafeta belonged to all of the Village of Faleniu. Magalei further testified that the land Tafeta as shown in the survey was in Tualauta County and not in Leasina County. He testified that the land in question was first cleared from the virgin bush in the year 1922; that several Faleniu people kept plantations of coconuts, cocoa, breadfruit, taro, taamu and other crops in the land Tafeta. Amongst these people, he mentioned Filo, Malufau, Savea, Siufanua, Mo [sic], Magalei and others. He testified that neither the Lualemana people nor the Aitulagi Family had plantations in Tafeta, and that only Faleniu people had plantations therein. Magalei testified that the Faleniu people worked the plantations at Tafeta before, during and after the war. He stated that although the Marines had a rifle range in the area during the war, the Faleniu people would go into the plantations in Tafeta early in the morning and leave before the practice shooting started. Magalei testified that the case between the *Chiefs of Faleniu and Lualemana,* No. 60-1961 (H.C. of Am. S.) involved the same land Tafeta as is involved in the instant case. In answer to a question by Lualemana's counsel, Magalei said that after the land Tafeta was cleared from the bush it was divided amongst the different chiefs of Faleniu for use as plantations. From looking at the survey, Magalei could not tell which part of the land belonged to which Chief of Faleniu but testified that he could tell by viewing the land itself. Magalei testified the only plantations by Lualemana were those Lualemana had planted at the time before he was evicted by the Court order

in the decision of Case No. 60-1961. Magalei stated the claim of the Faleniu chiefs was based on the clearing of the land from the virgin bush and having plantations on the land since 1922. He stated Maea was one of the matais from Faleniu and that Maea had joined the Chiefs of Faleniu as plaintiff in the case against Lualemana in 1961.

In answer to a question, Magalei stated that all of the land known as Tafeta was not included in the survey filed with the Court, but that the Chiefs of Faleniu claimed all the land within said survey. He further answered that the people of Faleniu had not asked or received permission from Aitulagi when they had their talaloa on Tafeta to clear the land. Magalei testified that the people of Faleniu had some fales in Tafeta during the time of the talaloa. He stated this was the fourth case involving the land Tafeta. In connection with war damage claims, Magalei testified that a number of Faleniu people had filed war damage claims on the land Tafeta and had received compensation therefor. Amongst the persons filing claims he mentioned Siufanua, Savea, Sagapolu, Filo, Magalei, Tuiaana, Mulufau and others. Magalei further testified that the prison farm situated within the land Tafeta was set up with the permission and consent of the Chiefs of Faleniu. He stated he was present when the Chiefs of Faleniu granted the Government permission to set up the farm.

Leuluai, Counsel for objector Maea, attempted to prove his client's claim to the land Tafeta on the sole testimony of Maea himself. Maea, a man 78 years old, testified he was claiming the land Tafeta as his individually-owned property. In support of his claim, he recounted a legend that went back several hundred years, starting with the battles between Tuiaana and Levalea, both of whom, according to Maea, were very tough. According to legend, Tuiaana won the battle which started by being fought with all the sticks available in the bush and ended with Levalea throwing

oranges at Tuiaana. In reciting his genealogy, Maea claimed that Tuiaana was the father of Magaleileo'o; that Magaleileo'o had a son named Faatafuga; that Faatafuga had a son named Faitala; and that he, Maea, was the son of Faitala. Maea testified that although he lived on land called Tafeta, no member of Maea's family has ever lived within the surveyed portion of Tafeta. Maea stated that he lived in Pago Pago; that from there he went to live in the Village of Faleniu in 1926. He testified that in 1926 he started cutting down the big trees in Tafeta, and that he cleared all the way up and down the hill. He stated that he cleared four acres in the 16 years from 1926 to 1942. At one point when he was asked if he had any plantations within the surveyed land at the present time, he answered in the negative. Maea admitted that the people of Faleniu had a talaloa in Tafeta. Maea testified he was a matai of Faleniu and that he served the Village of Faleniu. He claimed he disagreed with the other chiefs of Faleniu because they did not fix things right. He also admitted that he had joined as one of the Chiefs of Faleniu in their claim to the land Tafeta against Lualemana in Case No. 60-1961 (H.C. of Am. S.). Maea further stated that Tuiaana was from Faleniu and that Magalei and Tuiaana were siding with the Chiefs of Faleniu in the present litigation. On several occasions, Maea testified he did not want to answer or elaborate on his answers because he did not want to embarrass or hurt anyone. In answer to a question by his counsel, Leuluai, Maea stated he started clearing the bush in 1929. He also answered that his place of residence was not included in the survey; that he was not living in Tafeta, but only had plantations therein. Maea claimed that by himself he felled trees big enough that it would take the extended arms of three grown persons to cover their circumference. When asked if the present Tuiaana had any rights to Tafeta, Maea said it was tough for him to answer the question be-

393

cause he did not want to create a disturbance among the people in the courtroom. He then said, "Yes, the name Tuiaana has a right, but not the person." He then stated that Siufanua, Malufau, Filo, and Magalei, all Faleniu Chiefs, had a right to the land Tafeta. Maea testified he had filed a war damage claim on the land Tafeta and that he had also received part of the money received by the Chiefs of Faleniu for war damage claims on the land Tafeta. He testified that Faleniu people had given the Government permission to establish the prison farm in Tafeta, and that Savea had taken the people over to the prison farm area.

In his argument to the Court, Logo, counsel for Lualemana, stated that the issue in the case of the *Chiefs of Faleniu v. Lualemana*, No. 60-1961 (H.C. of Am. S.), was the eviction and injunction of Lualemana and that the Court had ruled Lualemana must vacate Tafeta. He stated Lualemana had come to live in Tafeta in 1952. Logo argued that the Lualemana people had not slept on their rights, and that even though the judgment in Case No. 60-1961 was against him and he appealed the case and lost, Lualemana had surveyed the land and was seeking to register it. He further argued that Moananu on behalf of the Aoloau people had withdrawn their objection in favor of Lualemana. Logo argued that Aitulagi Family had not shown or proven a claim to Tafeta; that Aitulagi's family history should not be given weight by the Court. He contended that Lualemana had gotten the land in question through war and intermarriage. He insisted that Maea's family history as related should be disregarded since it only covered five generations. Logo argued that Aitufaifili, the previous Lualemana, gave permission to people of Faleniu to have plantations in Tafeta as early as 1918; that the Lualemana people living in Faleniu were limited to planting taro and bananas because they would claim the land if allowed to plant coconuts. Logo agreed that the people of Faleniu cleared the

land first, but with permission of Lualemana. He argued that whereas Aitufaifili's testimony was disturbed concerning dates, his testimony was lucid regarding events. Logo insisted that while the Faleniu chiefs could not claim the land Tafeta by adverse possession, the Lualemana people could, since they held it during the time the Faleniu people were using the land Tafeta from 1918 to 1948 with permission of Lualemana.

Counsel for the Chiefs of Aitulagi, Usu, opened his argument by referring to the Bible. He argued that Lualemana wanted to take other people's land. Usu contended that Magalei claimed the land Tafeta for the Chiefs of Faleniu solely on the plantations they had in Tafeta. Usu argued that Tuifeai, the cannibal ancestor of Aitulagi, was the sole owner of Tafeta. He stated that the reason Aitulagi did not take part in the 1961 case between the Faleniu Chiefs and Lualemana was because the land was not offered for registration. Usu insisted that the two plats dated 1906, which he attempted to introduce into evidence, proved ownership of the land Tafeta by Aitulagi, even though no proof of registration of said plats was available. Usu admitted that permission for the prison farm was given by Faleniu people and that Aitulagi Family had not bothered to object because they were relying on the plat dated 1906 to prove ownership. He further admitted that the Faleniu people had a talaloa in Tafeta to clear the land, but that it had been done with Aitulagi's permission. There was no mention of any Aitulagi people living within the land Tafeta as surveyed or of the Aitulagi people keeping any plantations thereon.

In presenting his argument on behalf of the Chiefs of Faleniu, Lolo argued that the claims of Lualemana, Aitulagi and Maea were based solely on legend without any concrete evidence either of ownership, possession or use of the land. He stated each of the three parties had presented

a different legend to prove their claim to Tafeta and that neither of the three legends were dependable. Lolo reiterated the testimony and evidence that the Faleniu Chiefs had cultivated the land Tafeta since 1922 when they first cleared it from the bush. He referred to the Samoan custom that the land belonged to the one that clears the land from the virgin bush and plants it. Lolo argued that Magalei's testimony established the fact that after clearing the land in 1922 Faleniu chiefs have had continuous possession up to the present time, except during the war when the U.S. Marines occupied the land as a rifle range, but that even then Faleniu people were going into the land early in the morning. Lolo contended that the Marines' occupation of Tafeta did not disrupt the rights of ownership by the Chiefs of Faleniu and cited *Tago v. Mo* [sic], No. 12-1955 (H.C. of Am. S.) and 2 C.J.S. 686–689.

Commenting on the Lualemana claim, Lolo argued that the Lualemana claim is based on legend and that Aitufaifili, Lualemana's father, had testified that no member of the Lualemana Family had resided on the property in question during the past 50 years. He further argued that the Aitulagi claim was based on legend and myth and that such testimony should not be considered in a Court of law. He contended that if Lualemana and Aitulagi had ever indeed had a good claim to the land in question, that they had lost said right by virtue of adverse possession of Tafeta by the Chiefs of Faleniu for over 20 years.

■ In commenting upon Maea's claim, Lolo stated Maea's claim was also based on legend. He stated that Tuiaana and Magalei, who are descendants of the original Tuiaana that Maea referred to, are both Chiefs of Faleniu. Lolo stated that the clearing of the land Tafeta by the Chiefs of Faleniu was by means of a talaloa—a group effort of the Village of Faleniu to cut down the virgin bush and

put in plantations—and that each family was entitled to a portion of the cleared land. He contended that the Chiefs of Faleniu went into the land Tafeta without asking the consent of Aitulagi or anybody else. In commenting upon Lualemana's testimony and emphasis that some of the people in the talaloa from Faleniu were blood members of the Lualemana Family, Lolo argued that a married man living with his wife's family is considered to be a member of his wife's family under Samoan custom. Lolo further argued that a chief or chiefs of Faleniu would not render services to the chief of another village or family. Lolo called attention to the fact that Maea had testified his house was outside of the surveyed portion of the land. Lolo stated that Maea is a member of the Faleniu Village and that Maea has plantations in Tafeta, and that in previous litigation Maea had joined with the Chiefs of Faleniu as plaintiffs against Lualemana. He recalled that Maea had admitted that the Chiefs of Faleniu had rights to the land Tafeta in his testimony. Lolo insisted that contrary to the description of the land, the portion of the land Tafeta covered in the survey was in Tualauta County and not in Leasina County.

Counsel for Maea, Leuluai, impressed the Court with the brevity of his argument, intimating that the Court had heard all the testimony and there was no need to consume extra time to rehash the evidence. Leuluai stated Maea's right to Tafeta was supported by the family history related by Maea and the other testimony. Not to be outdone by Usu and Lolo, Leuluai also referred to the Bible in his argument. He said Maea lived in Tafeta and Vaita'i from 1929; that Maea had cut down the huge trees all by himself, and that he had cleared at least four acres within the surveyed portion. Leuluai argued that Maea at present had plantations within the surveyed part of Tafeta. He stated that the claim of Maea to the land had continuity and that Maea had established his right to the land. Leuluai intimated that the

397

relations between Maea and the Chiefs of Faleniu were presently somewhat strained.

The Court has dwelt at great length on the testimony and the evidence, both for the benefit of the parties and for the Court. It is obvious that if the Court were to believe all the testimony—legend and fact—that came out during the two full days of trial, a decision would be unattainable, as each of the four contesting parties were claiming ownership to 90.45 acres of land, for a total of 361.10 acres, and this, of course, is an impossibility when there are only 90.45 acres in the survey. The responsibility to weed out fact from fiction or legend from all the testimony rests upon this Court in arriving at the rightful claimant to the 90.45 acres of the land Tafeta as surveyed.

In connection with Lualemana's claim, the Court considered dismissing Lualemana's application to register the land Tafeta on the grounds that the land in question was the same as was involved in the case of the *Chiefs of Faleniu v. Lualemana* in Case No. 60-1961 (H.C. of Am. S.), in which case the Court decided that the land Tafeta was the property of the Chiefs of Faleniu, and the Court granted the Faleniu Chiefs' request of eviction and injunction against Lualemana. This Court decided against dismissing the Lualemana application and to try the instant case on the merits on the basis that Case No. 60-1961 was one for eviction and injunction while the present case is one for registration of land, and also on the basis that two of the parties in the instant case—Tuilefano for the Aitulagi Family and Maea as individual claimant—were not parties to the previous case.

The Court is of the unanimous opinion that in the instant case Lualemana failed to prove ownership of the land Tafeta, as surveyed, by the preponderance of the evidence necessary to allow him to register the land Tafeta as the communal land of the Lualemana Family. We think

398

the great weight of evidence proved that Lualemana had no right to the land in question. We will not repeat his testimony as to the basis of his claim for it is already covered elsewhere in this opinion. This Court was not swayed, impressed or convinced by the family stories Lualemana related to substantiate his claim to the land in question. Lualemana admitted the land in question was the same land as that involved in Case No. 60-1961 (H.C. of Am. S.), as a result of which decision he was evicted from Tafeta, which decision was affirmed on appeal. Lualemana's testimony that the land in question was cleared from the bush by Lualemana people is not accepted by this Court, as it is contrary to the great preponderance of the evidence and even contrary to Lualemana's statement that the people he claimed belonged to the Lualemana Family were from Faleniu. If any Lualemana blood people did in fact participate in the clearing of Tafeta, they did it while living in Faleniu, and married to Faleniu families they were doing it as people living with Faleniu chiefs and as married men to Faleniu families and not as Lualemana people from Asu. Under Samoan custom, a married man living in his wife's family is considered to be a member of such family. Lualemana admitted that no Lualemana people were presently living in Tafeta or had plantations therein, and that several Faleniu people had plantations in Tafeta. Lualemana testified he had lived in Tafeta only a little over a year before he was evicted by Court order in Case No. 60-1961 (H.C. of Am. S.). He stated that his father had never lived or had plantations on the land in question, and did not know if any of his predecessors ever lived on said land. Lualemana testified his people originally lived on the seaside of the mountain, which is quite far away from the land Tafeta, relatively speaking. It does not appear logical that the Lualemana people would come over the mountain and go past other lands to get to Tafeta. The Court does not believe that Lualemana filed any

war claim on the land Tafeta and none appears on the files available to this Court. In Case No. 60-1961 (H.C. of Am. S.), the Court found that Lualemana had testified falsely when he insisted he had filed a war damage claim on the land Tafeta using the name Tuiapolima. This Court takes judicial notice of the falsity of the claim in the previous case and finds from the evidence given in the instant case that the Lualemana did not file a war damage claim on the land Tafeta as he testified.

 This Court is of the unanimous opinion that the claim of Tuilefano on behalf of the Chiefs of Aitulagi to the land Tafeta, as surveyed, should be rejected. There is no evidence whatsoever that the land in question was cleared from the bush by any of the Aitulagi people or that the land was ever occupied or cultivated by any of them. Contrary to Tuilefano's testimony, there is no evidence that the Aitulagi Chiefs have ever had any control over Tafeta as evidenced by the fact that they have no plantations on the land and never had, and the fact that they did not file nor were they paid for any war damage claims on the land Tafeta, and they had no say in granting permission of occupation to the U.S. Marines or for use of part of the land for the prison farm. It is inconceivable to this Court that the Aitulagi chiefs would not have filed war damage claims on Tafeta if they considered themselves the owners of said land. While Tuilefano's story about his cannibal forefather was interesting, it certainly did not lend any substance to his claim to the land Tafeta as surveyed.

 Maea was also in good form relating the story of the battle between Tuiaana and Levalea which, as far as he was concerned, by virtue of intermarriage, passed ownership to him personally of all the land Tafeta within the survey. The Court is of the unanimous opinion that Maea's claim of personal ownership to the land Tafeta has no basis whatsoever. We believe that any right he might have to the

land in question is by virtue of his being one of the chiefs of Faleniu. Maea appeared as plaintiff with the other chiefs of Faleniu in their case against Lualemana. We are satisfied that the only reason Maea did not join with the chiefs of Faleniu in the instant case in objecting to the registration of the land Tafeta by Lualemana was because of some personal disagreement. However, Maea himself admitted in Court that he was one of the chiefs of the Village of Faleniu and that other Faleniu chiefs had a right to Tafeta.

 In considering the claim of the Chiefs of the Village of Faleniu, the Court is of the unanimous opinion that they, rather than any of the other parties to the instant case, presented the testimony and evidence with enough substance and fact to prove their claim as owners of the land Tafeta by a great preponderance of the evidence. The Court is satisfied that the Chiefs of Faleniu and the young men of the village started to clear the land in question from the virgin bush on or about the year 1922. We believe the testimony that they had plantations thereon from 1922 to the present. There was evidence from the different parties to this litigation that a talaloa from the Village of Faleniu had cleared the land as early as 1918 and as late as 1922. The evidence indicated that the Chiefs of Faleniu have continuously had plantations on the land in question since 1922, and if the years during which the Marines used the land are tacked to the rest of the time, the Chiefs of Faleniu have had possession of Tafeta for over 40 years. The testimony was that after clearing the land the Chiefs of Faleniu divided the land amongst themselves. The allegation that the Chiefs of Faleniu had filed and been paid for war damage claims on the land Tafeta was proved to the satisfaction of the Court. There was also evidence that the Government prison farm on the land Tafeta was established through permission given by the Chiefs of Faleniu.

The Samoan people acquire title to the land through first occupancy coupled with a claim of ownership, as this Court has previously held (*Faataliga v. Fano*, No. 80-1948, (H.C. of Am. S.)); *Soliai v. Lagafua*, No. 5-1949 (H.C. of Am. S.); *Oi v. Te'o*, No. 35-1961 (H.C. of Am. S.); *Chiefs of Faleniu v. Lualemana, et al.*, No. 60-1961 (H.C. of Am. S.). This Court believes that the Chiefs of Faleniu have proved their claim of ownership to the land Tafeta by first occupancy by clearing the land from the virgin bush in 1922. They have exercised a claim of ownership by cultivating the land, by granting permission to the U.S. Marines to use the land, by filing war damage claims on the land after the war, and by granting authority for the establishment of the prison farm in Tafeta.

Sec. 10.0115 of the Code of American Samoa provides that the statutory period governing the acquisition of title by adverse possession shall be 20 years. The effect of the running of the statutory period is to vest title in the adverse possessor. (2 C.J.S. 803; 151 U.S. 586, pg. 607; *Faamao v. Tiumalu, et al.*, No. 45-1961 (H.C. of Am. S.); *Chiefs of Faleniu v. Lualemana*, No. 60-1961 (H.C. of Am. S.). While this Court believes that the Chiefs of Faleniu have proved their claim and ownership to the land Tafeta by first occupancy, claim of ownership and use beyond any doubt, we believe that if any of the other parties had presented a stronger claim, the Chiefs of Faleniu would still have prevailed by virtue of having had actual, open, notorious, hostile, exclusive and continuous occupancy of the land Tafeta for over 40 years or since 1922.

Contrary to the description attached to the survey, this Court is satisfied that the land in question—the land included in the survey of Tafeta—is situated not in Leasina County but in Tualauta County. This appears obvious from examination of the map of Tutuila with marked county boundaries found in the Office of the Secretary of American

Samoa. This same land Tafeta was held to be situated in Tualauta County in a previous court case (No. 60-1961, H.C. of Am. S.).

In conclusion, it is the unanimous decision of this Court and it is hereby ORDERED, ADJUDGED AND DECREED by the Court as follows:

1. That the application filed by Lualemana to register the land Tafeta, consisting of 90.45 acres, as reflected in the survey, as the communal land of the Lualemana Family be and the same is hereby denied.

2. That the claim of ownership to the land in question by the Chiefs of Aitulagi Village, as objectors, be and the same is hereby denied.

3. That the claim of Maea K. to his individual ownership to the land Tafeta be and the same is hereby denied. Any right that Maea may have in the land in question is by virtue of his being one of the Chiefs of Faleniu.

4. That the Chiefs of the Village of Faleniu are the owners of the land Tafeta as shown in the survey. That each Chief of Faleniu is the owner of that parcel of land within the survey as was given to him after clearing Tafeta from the virgin bush. This Court is not ordering the registration of the land in the survey. Each interested Chief of Faleniu must survey, by metes and bounds, his own individual parcel of land which he claims if he desires to make application for registration of said land. (Sec. 10.0112, CAS, 1961).

5. That the land Tafeta as shown in the survey is situated in Tualauta County, Tutuila, American Samoa.

Court costs to be paid within 30 days as follows: Lualemana, $16.77; Tuilefano, $16.77; Maea, $16.66.